(No. 4329-

JOSEPH A. MERTEL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 8, 1951.*

KEVIN D. KELLY AND HORACE W. JORDAN, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

On June 9, 1950, claimant was the owner of a truck described as a 1945 International Concrete Mixer Truck.

On the day in question, the truck was being operated by Anthony Mertel, son of claimant, in the course of business for claimant.

While operating the truck over U. S. Highway No. 51 south across the Shippingsport Bridge at LaSalle, Illinois, the barrier gate at the lift span fell and struck the truck, causing damages in the amount of $742.25.

The testimony showed that the cable supporting the barrier gate broke, that it was badly worn and frayed where it broke, and that the barrier gate was of heavy fabricated steel; that the windshield on the truck was broken, that the cab of the truck was forced back against the concrete mixer, that the frame of the cab was crumpled beyond repair, that the doors of the cab were also damaged, and that the cab was damaged beyond repair.

Gordon D. Kesterson testified for the State that he was a District Maintenance Supervisor for the Division of Waterways, which position included the maintenance of lights and barriers on bridges; that he made an inspection on May 31 and June 1, 1950, and all that he found was a loose set screw, and took up slack where it had slipped; that he examined the gate after June 9, 1950 and found a broken pin in the chain, which would release the chain, slacken off the cable, and let the gate down on that end; that he reinstalled the gate, put in a new pin, and retimed the mechanism in the tower; that cables had broken eight or nine times on four bridges in a year and a half, and similar pins had broken three times in the same period.

There is no dispute in the evidence that the gate fell and struck the truck. The evidence shows the driver of the truck was in the exercise of due care and caution, and that the gate was under the sole control of respondent. The Departmental Report offered by respondent

states that the barrier gate cable broke allowing the barrier gate to fall on the cab of the truck. Claimant's testimony that the cable was broken is corroborated by the Departmental Report.

It is admitted by the respondent that the maintenance of the operating machinery of the Shippingsport Bridge was vested in the Department of Public Works and Buildings of the State of Illinois, and that by reason thereof was under sole control and management of the respondent. It is the opinion of the Court that this case falls under the doctrine of res ipsa loquitur. The doctrine of res ipsa loquitur is grounded upon the principle of law that where one has charge or management of a thing in connection with which an accident happens, which in the ordinary course of things does not happen if those who have the management thereof use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of proper care. The fact of this occurrence, therefore, will be deemed to afford prima facie evidence to support recovery in absence of any explanation by the defendant attempting to show that the occurrence was not due to its want of care. There was no explanation in the record of how the accident happened, nor was there any evidence of any negligence on behalf of the claimant. There being no rebuttal to the prima facie case made by the claimant, the facts are sufficient to support an award to claimant. (*Westerfield* vs. *State of Illinois,* 18 C.C.R. at 186.)

The evidence is not disputed that the damages to the claimant's truck were in the amount of $742.25.

Claimant is entitled to an award in the amount of $742.25 for damages to his truck.

An award is, therefore, entered in favor of claimant in the sum of $742.25.